DANIEL MELNICK ET UX. *v.* H. MAX AMMERMAN

[No. 547, September Term, 1977.]

*Decided February 9, 1978.*

The cause was argued before MORTON, MOYLAN and MELVIN, JJ.

*Philip E. Epstein,* with whom were *John J. Garrity, Karl G. Feissner* and *Feissner, Garrity, Levan & Schimel* on the brief, for appellants.

*Thomas F. Hogan,* with whom were *J. Alan Galbraith* and *Kenary, Tietz & Hogan* and *Williams & Connolly* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

On April 28, 1975, the Circuit Court for Montgomery County entered a judgment in the amount of $68,000 in favor of the appellee, H. Max Ammerman, against the appellants, Daniel Melnick et ux. On October 9, 1975, the parties executed an agreement whereunder, inter alia, the appellants assigned to the appellee their stock interest in the Eastern Development Corporation as security for the balance of the judgment. On November 9, 1975, the ownership of the stock was changed to the appellee/assignee on the corporate books.

On February 28, 1977, the appellants filed a Motion to Declare the Judgment Paid and Satisfied, with supporting exhibits, affidavits, and points and authorities. The merits of that motion are not before us. Accompanying the motion was a timely Request for a Hearing. Maryland Rule 321 d provides:

> "The court may decide demurrers and motions (except motions for a new trial or for judgment n.o.v.) without a hearing *unless a party requests a hearing* at the time or within fifteen days after the demurrer, motion or reply is filed. A request for hearing shall be in writing and may be either in a separate pleading, or incorporated in the body of the demurrer, motion or reply at the end thereof under an appropriate heading." (Emphasis supplied).

After filing their request for a hearing, the appellants were notified by the clerk of the Montgomery County Court that a hearing had been set for June 7, 1977, at 10 a.m. Appellee's counsel also joined, by a letter dated April 25, 1977, in the selection of a hearing judge. Notwithstanding these

arrangements, an order was signed in the Montgomery County Circuit Court on May 2, 1977, denying the appellants' motion without benefit of a hearing. This appeal is from that denial.

We have no difficulty agreeing with the appellants that the clear language of Rule 321 d makes a hearing mandatory upon timely request. The appellee argues that the use of the verb "may" indicates that the matter is within the discretion of the judge. It is clear to us, however, that the vesting of discretion is conditioned by the words "unless a party requests a hearing." In this case, the hearing was properly requested and there was no discretion.

> *Judgment reversed; case remanded for further proceedings; costs to be paid by appellee.*